# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERRICA D. MAGNER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-1143-KHV-KGG |
| KILOLO KIJAKAZI,<br>Acting Commissioner of SSA, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with her federal court Complaint requesting the reversal of the decision of the Social Security Administration (Doc. 1), Plaintiff Jerrica D. Magner has also filed an "Application for Leave to File Action Without Payment of Fees, Costs, or Security" with a supporting financial affidavit ("IFP application," Doc. 4, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a

1

privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 32 and married with two dependents for whom she provides "100%" monthly economic support. (Doc. 4, sealed, at 2-3.)  Plaintiff, who alleges various medical conditions in her Complaint (Doc. 1, at 2), indicates she is unemployed and her spouse is disabled with no income other than government benefits.  (*Id*., at 2-3, 5.)  Plaintiff and her spouse do not own real property.  (*Id*., at 4.)  They do possess two modest

automobiles, one of which they own outright and the other which is being paid for by Plaintiff's aunt.  (*Id*., at 5.)  Plaintiff lists various reasonable monthly expenses, including rent, telephone, gasoline, and certain consumer debts.  (*Id*., at 6.)  Plaintiff has never filed for bankruptcy.

Based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 4, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of July, 2022.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
